IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARIA SAMANIEGO, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | C.A. NO. 3:17-CV-00254 |
| | § | |
| SHADY SHORES OF EL PASO, LLC | § | |
| D/B/A MOUNTAIN VIEW HEALTH | § | |
| AND REHABILITATION, | § | |
| | § | |
| DEFENDANT. | § | |

NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Shores of El Paso, LLC d/b/a Mountain View Heath & Rehabilitation ("Shady Shores" or "Defendant") would respectfully show the Court as follows:

1.     On June 30, 2017, Cause No. 2017DCV218 was commenced against Defendant in the 448th Judicial District Court of El Paso County, Texas, and is now pending therein.

2.     On July 19, 2017, Defendant was served with Plaintiff's Original Petition, Jury Demand, and Request for Disclosure in the above-entitled action (the "Petition").

3.     As of the date of this filing, the following pleading has been filed in the state court action in addition to the Plaintiff's Petition:  Defendant's Original Answer, Special Exception, and Affirmative Defenses.  An index and copies of the docket sheet and all process, pleadings, and orders served in the above-entitled action are attached as Exhibits A-F.

4.     This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1331, and the action may therefore be removed to this Court pursuant to 28 U.S.C. §1441(a).

NOTICE OF REMOVAL—Page 1

5.      The above-entitled action is a civil action for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 207, as specifically alleged in Plaintiff's Petition.  Plaintiff has further alleged in paragraph 6 of Plaintiff's Petition that this action arises under the Constitution, laws, or treaties of the United States, pursuant to 28 U.S.C. § 1331.

6.      A jury demand has been made in Cause No. 2017DCV21.

7.      This notice is filed with this Court within 30 days after service on Defendant of Plaintiff's Petition in the above-entitled action.

WHEREFORE, Defendant prays that the above-entitled action be removed from the 448th Judicial District Court of El Paso County, Texas to this Court.

Dated:  August 15, 2017.

Respectfully submitted,


/s/ Shannon D. Norris
Shannon D. Norris
*Lead Attorney*
State Bar No. 00788129
NORRIS LAW FIRM, PLLC
735 Plaza Boulevard, Suite 200
Coppell, Texas 75019
Telephone:  (214) 396-4700
Facsimile:  (214) 396-4777
E-mail:  sdnorris@norrisfirm.com


/s/ Jeff Ray
Jeff Ray
State Bar No. 16604400
Chris M. Borunda
State Bar No. 00789161
RAY, McCHRISTIAN & JEANS, P.C.
5822 Cromo Drive
El Paso, Texas  79912
Telephone:  (915) 832-7200
Facsimile:  (915) 832-7333
E-mail:  jray@rmjfirm.com
            cborunda@rmjfirm.com

**ATTORNEY FOR DEFENDANT
SHADY SHORES OF EL PASO, LLC
d/b/a MOUNTAIN VIEW HEALTH &
REHABILITATION**

<u>**C**ERTIFICATE OF **S**ERVICE</u>

I certify that on August 15, 2017, a correct copy of the foregoing document was served

on the following counsel of record in accordance with the Federal Rules of Civil Procedure, via

CM/ECF and/or e-mail, addressed as follows:

Raymond D. Martinez, Esq.
Jonathan L.R. Baeza, Esq.
Martinez & Martinez Law Firm, PLLC
730 E. Yandell Dr.
El Paso, Texas 79902

/s/ Shannon D. Norris
Shannon D. Norris

### Index of Documents Filed in State Court

| Exhibit No. | Description | Date Filed |
|:---:|---|---|
| A | Docket Sheet | N/A |
| B | Plaintiff's Original Petition, Jury Demand, and Request for Disclosure | 06/30/2017 |
| C | Civil Cover Sheet | 06/30/2017 |
| D | Affidavit of Inability to Pay Court Costs | 06/30/2017 |
| E | Citation | 06/30/2017 |
| F | Defendant's Original Answer, Special Exception, and Affirmative Defenses | 07/21/2017 |

# Exhibit A

# REGISTER OF ACTIONS
## CASE NO. 2017DCV2189

| | | | |
|---|---|---|---|
| **MARIA SAMANIEGO VS SHADY SHORES OF EL PASO, LLC D/B/A MOUNTAIN VIEW HEALTH AND REHABILITATION** | § § § § § § § | Case Type: | **Other Civil** |
| | | Date Filed: | **06/30/2017** |
| | | Location: | **448th District Court** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **SHADY SHORES OF EL PASO, LLC** | **SHANNON D NORRIS** *Retained* 214-396-4700(W) |
| **Plaintiff** | **SAMANIEGO, MARIA** | **RAYMOND D MARTINEZ** *Retained* 915-541-1000(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 06/30/2017 | **Original Petition (OCA)      Doc ID# 1** | |
| 06/30/2017 | **Affidavit of Inability to Pay Court Costs      Doc ID# 2** | |
| 06/30/2017 | **Case Information Sheet      Doc ID# 3** | |
| 06/30/2017 | **E-File Event Original Filing** | |
| 07/07/2017 | **Citation** | |
| | SHADY SHORES OF EL PASO, LLC | Served          07/21/2017 |
| | | Response Received    07/21/2017 |
| | | Returned        07/24/2017 |
| 07/21/2017 | **Answer      Doc ID# 5** | |

# Exhibit B

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **SHADY SHORES OF EL PASO, LLC d/b/a MOUNTAIN VIEW HEALTH AND REHABILITATION**, which may be served with process by serving its registered agent, **MICHAEL G. WALLACE at, 320 EAGLE DRIVE, SUITE 201, DENTON, TX  76201**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, Jury Demand, and Request for Disclosure at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 448th **Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 30th day of June, 2017, by Attorney at Law JONATHAN L. R. BAEZA, 730 E. YANDELL DRIVE, EL PASO, TX 79902 in this case numbered **2017DCV2189** on the docket of said court, and styled:

**MARIA SAMANIEGO**
**VS**
**SHADY SHORES OF EL PASO, LLC d/b/a MOUNTAIN VIEW HEALTH AND REHABILITATION**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition, Jury Demand, and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 7th day of July, 2017.

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____, Deputy
JoAnn Fernandez

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of _____, 2017, at _____ I mailed to

_____

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition, Jury Demand, and Request for Disclosure attached thereto.

| | |
|---|---|
| *NAME OF PREPARER | TITLE |
| ADDRESS | |
| CITY | STATE      ZIP |

_____
                                                          TITLE

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

      This forwarding address was provided: _____

El Paso County, Texas

By:_____

        Deputy District Clerk

OR

_____

      Name of Authorized Person

By:_____

**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

Subscribed and sworn to be on this _____ day

of _____, _____.

_____

Notary Public, State of _____

My commission expires:_____

El Paso County - 448th District Court

Filed 6/30/2017 1:50 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV2189

## IN THE _____ JUDICIAL DISTRICT COURT
## IN THE COUNTY COURT AT LAW NUMBER _____

Maria Samaniego §
§
**Plaintiff,** §
§
v. Shady Shores of El §  CAUSE NO. _____
Paso, LLC DBA Mountain §
View Health and §
Rehabilitation §
§
§
**Defendant.** §

## AFFIDAVIT OF INDIGENCY

BEFORE ME, the undersigned authority, on this day personally appeared

Maria Samaniego, Plaintiff, who being by me duly sworn makes the following statement:

1. "My name is Maria Samaniego_____. I am a Plaintiff in the above referenced cause.
2. I have a net income of approximately $ _800___ per month.
3. I have no other source of income.
4. I have governmental assistance to wit: _N/A____.
5. My monthly expenses are: _1200_____.
6. I have __∅____ dependents.
7. I am unable to pay the court costs in the suit.
8. "I verify that the statements made in this affidavit are true and correct."

_____
AFFIANT

SWORN AND SUBSCRIBED TO before me and by the said Maria Samaniego

on this the 30th day of June, 2016 to certify which witnessed my hand and seal of

office.

CYNTHIA A. KARL
Notary Public, State of Texas
Comm. Expires 10-05-2020
Notary ID 130850621

_____
Notary Public in and for the State of Texas

El Paso County - 448th District Court

Filed 6/30/2017 1:50 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV2189

**CIVIL CASE INFORMATION SHEET**

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____     COURT *(FOR CLERK USE ONLY)*: _____

STYLED MARIA SAMANIEGO V SHADY SHORES OF EL PASO, LLC DBA MOUNTAIN VIEW HEALTH AND REHABILITATION

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: Raymond D. Martinez | Email: raymond@martinezlawyers.com | Plaintiff(s)/Petitioner(s): Maria Samaniego | ☒ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| Address: 730 E. Yandell Dr. | Telephone: 915-541-1000 | | Additional Parties in Child Support Case: |
| City/State/Zip: El Paso, Texas 79902 | Fax: 915-541-1002 | Defendant(s)/Respondent(s): Shady Shores of El Paso, LLC DBA Mountain View Health and Rehabilitation | Custodial Parent: Non-Custodial Parent: Presumed Father: |
| Signature | State Bar No: TX-24002537 | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐ Consumer/DTPA ☐ Debt/Contract ☐ Fraud/Misrepresentation ☐ Other Debt/Contract: | ☐ Assault/Battery ☐ Construction ☐ Defamation *Malpractice* ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability: | ☐ Eminent Domain/ Condemnation ☐ Partition ☐ Quiet Title ☐ Trespass to Try Title ☐ Other Property: | ☐ Annulment ☐ Declare Marriage Void *Divorce* ☐ With Children ☐ No Children | ☐ Enforcement ☐ Modification—Custody ☐ Modification—Other **Title IV-D** ☐ Enforcement/Modification ☐ Paternity ☐ Reciprocals (UIFSA) ☐ Support Order |
| *Foreclosure* ☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☐ Insurance ☐ Landlord/Tenant ☐ Non-Competition ☐ Partnership ☐ Other Contract: | ☐ Motor Vehicle Accident ☐ Premises *Product Liability* ☐ Asbestos/Silica ☐ Other Product Liability List Product: ☐ Other Injury or Damage: | **Related to Criminal Matters** ☐ Expunction ☐ Judgment Nisi ☐ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus— Pre-indictment ☐ Other: | **Other Family Law** ☐ Enforce Foreign Judgment ☐ Habeas Corpus ☐ Name Change ☐ Protective Order ☐ Removal of Disabilities of Minority ☐ Other: | **Parent-Child Relationship** ☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Parentage/Paternity ☐ Termination of Parental Rights ☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination ☐ Retaliation ☐ Termination ☐ Workers' Compensation ☒ Other Employment: | ☐ Administrative Appeal ☐ Antitrust/Unfair Competition ☐ Code Violations ☐ Foreign Judgment ☐ Intellectual Property | ☐ Lawyer Discipline ☐ Perpetuate Testimony ☐ Securities/Stock ☐ Tortious Interference ☐ Other: | | |
| **Tax** | | *Probate & Mental Health* | | |
| ☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax | *Probate/Wills/Intestate Administration* ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings | ☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other: | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court ☐ Arbitration-related ☐ Attachment ☐ Bill of Review ☐ Certiorari ☐ Class Action | ☐ Declaratory Judgment ☐ Garnishment ☐ Interpleader ☐ License ☐ Mandamus ☐ Post-judgment | ☐ Prejudgment Remedy ☐ Protective Order ☐ Receiver ☐ Sequestration ☐ Temporary Restraining Order/Injunction ☐ Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

Filed 6/30/2017 1:50 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV2189

|  |  |
|---|---|
| **MARIA SAMANIEGO,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **v.** | § |
| | § |
| **SHADY SHORES OF EL PASO, LLC** | § |
| **D/B/A MOUNTAIN VIEW HEALTH** | § |
| **AND REHABILITATION,** | § |
| | § |
| **Defendant.** | § |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **MARIA SAMANIEGO,** herein called Plaintiff, complaining of **SHADY SHORES OF EL PASO, LLC D/B/A MOUNTAIN VIEW HEALTH AND REHABILITATION** hereinafter called Defendants, and for cause of action would respectfully show the Court and jury the following:

## I.
## NATURE OF SUIT

1.      The Fair Labor Standards act was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for her employment in excess of 40 hours at a rate not less that one and a one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing requirements of 29 U.S.C. § 207 (a)).

2.      Defendant violated the FLSA by failing to pay Plaintiff at time and one-half his regular rate

of pay for all hours worked within a workweek in excess of forty hours.

3.       Plaintiff is a non-exempt employee who has been denied overtime compensation owed to her as required by the law.  Plaintiff filed this petition to recover unpaid overtime compensation owed to her.

## II.
## PARTIES, JURISDICTION AND VENUE

4.       Plaintiff Rudy Armendariz ("Plaintiff") is currently a citizen and resident of El Paso, Texas.

5.       Defendant **SHADY SHORES OF EL PASO, LLC** is a Texas limited liability corporation, whose registered agent for service is **MICHAEL G. WALLACE** and may be served with citation at **320 EAGLE DRIVE, SUITE 201, DENTON, TEXAS 76201,** or wherever they may be found.

6.       The court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343.  Venue exists in this district and division as detailed in 28 U.S.C. §1391.

7.       All of the acts alleged herein occurred in El Paso County, Texas.

## III.
## FACTUAL BACKGROUND

8.       Plaintiff was employed at by Defendant from approximately January 10, 2016, as a Dietary Aide.

9.       During the time Plaintiff was been employed by Defendant, she worked additional hours on a weekly basis without compensation at the instruction of Defendant.  Plaintiff was required to work either "off the clock" or more than forty (40) hours in one week.  Defendant was aware that Plaintiff was working "off the clock" and/or overtime, yet did not pay all necessary extra wages for this effort.  Plaintiff would work through lunch or after work hours.

10.      Defendant did not adequately keep track of Plaintiff's work hours even though Plaintiff was a non-exempt employee for overtime purposes as outlined under the Fair Labor Standards Act , 29

U.S.C. §§ 201 *et. seq* ("FLSA").

11.     Plaintiff's position with Defendant is not exempt from overtime under the FLSA.

12.     From her date of hire, January 2016, to the date of her termination, November 24, 2016, Plaintiff started working at 5:00 a.m. and was not allowed to clock-in until 6:00 a.m.  Plaintiff was required to clock-out at 2:30 p.m.

13.     From January 2016 to May 2016, Plaintiff was required to work double shifts (5:00 a.m. to 10:00 p.m.) but was only paid overtime on some occasions.

14.     From October 24, 2016 to November 24, 2016, Plaintiff was required to clock-out at 2:30 p.m. and continue working until 3:45 p.m. daily.

## IV.
## CAUSES OF ACTION

A.     <u>FAIR LABOR STANDARDS ACT VIOLATIONS BY DEFENDANT</u>

16.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 14 as if fully stated herein.

17.     Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under the FLSA.

18.     Defendant is an "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

16.     While Plaintiff was employed by Defendant, she was an "employee" as defined by the FLSA in 29 U.S.C. § 203(e)(1).

19.     Defendant is an "enterprise" within the meaning of 29 U.S.C. § 203(r), and an "[e]nterprise engaged in commerce or in the production of goods for commerce" as defined by the FLSA in 29 U.S.C. § 203(s)(1).

20.     While employed by Defendant, Plaintiff was entitled to payment of one and one half times

her regular rate of pay for all hours worked over forty hours in one week, as provided for under 29 U.S.C. § 207.

21.     Defendant failed to properly log Plaintiff's work hours, or pay for all of overtime hours worked.   As a result, during the Plaintiff's employment with Defendant, she worked numerous overtime hours for which he was not properly compensated.  For purposes of the FLSA, while employed by Defendant, Plaintiff was improperly classified as "exempt" from payment of overtime.

22.     As a result of Defendant's violations of the FLSA, Plaintiff has suffered actual damages in the form of lost wages, in an amount that has not yet been fully established, but which can be estimated for the purpose of bringing this lawsuit.

23.     Defendant committed a willful violation of the FLSA.

24.     Defendant failed to maintain accurate records of the hours worked of Plaintiff; thus, Defendant violated 29 U.S.C. § 211(c).

25.     As a result of these violations, Plaintiff requests that she be awarded all damages, to which she is entitled, including, but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of the violation, plus interest.  In addition, Plaintiff requests liquidated damages equal to the amount of reimbursable compensation described above.  Plaintiff also requests any additional equitable relief to which she is entitled.

## V.
## DAMAGES

26.     Plaintiff sues for actual damages proximately caused or otherwise produced by Defendant's conduct.  Plaintiff also sues for past lost wages.

27.     Plaintiff's damages are within the court's jurisdictional limits.  Pursuant to the amendment of Texas Rule of Civil Procedure 47, Plaintiff pleads as stated in the Rule: (1) monetary relief of

$200,000 to $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. *See* Tex. R. Civ. P. 47.

## VI.
## REQUEST FOR DISCLOSURE

28.     Pursuant to Rule 194, you are requested to disclose within fifty (50) days of the service of this request, the information or material described in Rule 194.2. With regard to the material described in Rule 194.2(b), please answer to the full extent authorized by the rules, which should include the names of all individuals and entities with an ownership interest in the business.

## VII.
## ATTORNEY'S FEES

29.     Plaintiff seeks attorney's fees to the extent she is a prevailing party.

## VIII.
## JURY DEMAND

30.     Plaintiff requests a jury trial.

## IX.
## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a.     Judgment against Defendant for Plaintiff's actual damages;
b.     Compensation for all hours worked at a rate not less than the applicable minimum wage;
c.     Overtime and "off the clock" compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times her regular rate;
d.     All unpaid wages and overtime compensation;
e.     Judgment against Defendants for liquidated damages for the maximum amount allowed by law; including doubling of all back pay awarded
f.     Compensatory damages, emotional distress and punitive damages 29 U.S.C 215(a)(3).
g.     Pre-judgment and post-judgment interest at the maximum amount allowed by law;
h.     Costs of suit, including reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

i.    The award of such and further relief, both at law and in equity, to which Plaintiff may
      be justly entitled.

j.    An order that Defendant take such other and further actions as may be necessary to
      redress Defendants violation of the FLSA;

k.    Pre-judgment and post-judgment interest at the maximum amount allowed by law;

Respectfully submitted,

**MARTINEZ & MARTINEZ LAW FIRM, PLLC**
*Attorneys for Plaintiff*
730 E. Yandell Dr.
El Paso, Texas 79902
(915) 541-1000
(915) 541-1002 (Facsimile)
raymond@martinezlawyers.com
jonathan@martinezlawyers.com

By:    */s/ Jonathan L.R Baeza*
       **RAYMOND D. MARTINEZ**
       State Bar No. 24002537
       **JONATHAN L.R. BAEZA**
       State Bar No. 24092066

# Exhibit C

El Paso County - 448th District Court

Filed 6/30/2017 1:50 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV2189

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____    COURT *(FOR CLERK USE ONLY):* _____

STYLED MARIA SAMANIEGO V SHADY SHORES OF EL PASO, LLC DBA MOUNTAIN VIEW HEALTH AND REHABILITATION

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| **Name:**<br><br>Raymond D. Martinez | **Email:**<br><br>raymond@martinezlawyers.com | Plaintiff(s)/Petitioner(s):<br><br>Maria Samaniego | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| **Address:**<br><br>730 E. Yandell Dr. | **Telephone:**<br><br>915-541-1000 | | Additional Parties in Child Support Case: |
| **City/State/Zip:**<br><br>El Paso, Texas 79902 | **Fax:**<br><br>915-541-1002 | Defendant(s)/Respondent(s):<br><br>Shady Shores of El Paso, LLC | Custodial Parent: |
| **Signature:**<br> | **State Bar No:**<br><br>TX-24002537 | DBA Mountain View Health<br><br>and Rehabilitation | Non-Custodial Parent:<br><br>Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | | Family Law | |
|---|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | | **Post-judgment Actions (non-Title IV-D)** |

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br>   Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>   List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/<br>   Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>   Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br><br>**Other Family Law**<br>☐ Enforce Foreign<br>   Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>   of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>   Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>   Rights<br>☐ Other Parent-Child: |

| Employment | Other Civil | | |
|---|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☒ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>   Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

# **Exhibit D**

El Paso County - 448th District Court

Filed 6/30/2017 1:50 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV2189

## IN THE _____ JUDICIAL DISTRICT COURT
## IN THE COUNTY COURT AT LAW NUMBER _____

Maria Samaniego § §
§
**Plaintiff,** §
§
v. Shady Shores of El §       CAUSE NO. _____
Paso, LLC DBA Mountain §
View Health and §
Rehabilitation §
§
§
**Defendant.** §

### AFFIDAVIT OF INDIGENCY

BEFORE ME, the undersigned authority, on this day personally appeared

Maria Samaniego , Plaintiff, who being by me duly sworn makes the following statement:

1. "My name is Maria Samaniego . I am a Plaintiff in
   the above referenced cause.
2. I have a net income of approximately $ 800 per month.
3. I have no other source of income.
4. I have governmental assistance to wit: N/A .
5. My monthly expenses are: 1200 .
6. I have Ø dependents.
7. I am unable to pay the court costs in the suit.
8. "I verify that the statements made in this affidavit are true and correct."

_____
AFFIANT

SWORN AND SUBSCRIBED TO before me and by the said Maria Samaniego

on this the 30th day of June , 2016 to certify which witnessed my hand and seal of

office.

_____
Notary Public in and for the State of Texas

CYNTHIA A. KARL
Notary Public, State of Texas
Comm. Expires 10-05-2020
Notary ID 130850621

# **Exhibit E**

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **SHADY SHORES OF EL PASO, LLC d/b/a MOUNTAIN VIEW HEALTH AND REHABILITATION,** which may be served with process by serving its registered agent, **MICHAEL G. WALLACE at, 320 EAGLE DRIVE, SUITE 201, DENTON, TX  76201**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, Jury Demand, and Request for Disclosure at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **448th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 30th day of June, 2017, by Attorney at Law JONATHAN L. R. BAEZA, 730 E. YANDELL DRIVE, EL PASO, TX 79902 in this case numbered **2017DCV2189** on the docket of said court, and styled:

**MARIA SAMANIEGO**
**VS**
**SHADY SHORES OF EL PASO, LLC d/b/a MOUNTAIN VIEW HEALTH AND REHABILITATION**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition, Jury Demand, and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 7th day of July, 2017.

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____, Deputy
JoAnn Fernandez

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL
I hereby certify that on the _____ day of _____, 2017, at _____ I mailed to

_____

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition, Jury Demand, and Request for Disclosure attached thereto.

*NAME OF PREPARER                    TITLE

ADDRESS

CITY                    STATE              ZIP

_____
TITLE

## RETURN OF SERVICE

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

        The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

        This forwarding address was provided: _____


El Paso County, Texas

By:_____
          Deputy District Clerk

OR

_____
      Name of Authorized Person

By:_____



## VERIFICATION BY AUTHORIZED PERSON

State of Texas

County of El Paso

        Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."


Subscribed and sworn to be on this _____ day

of _____, _____.


_____

Notary Public, State of _____

My commission expires:_____

# **Exhibit F**

CAUSE NO. 2017DCV2189

| | | |
|---|---|---|
| MARIA SAMANIEGO, | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | 448TH JUDICIAL DISTRICT |
| | § | |
| SHADY SHORES OF EL PASO, LLC | § | |
| D/B/A MOUNTAIN VIEW HEALTH | § | |
| AND REHABILITATION, | § | |
| | § | |
| DEFENDANT. | § | EL PASO COUNTY, TEXAS |

DEFENDANT'S ORIGINAL ANSWER,
SPECIAL EXCEPTION, AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Shady Shores of El Paso, LLC d/b/a Mountain View Heath & Rehabilitation

("Shady Shores" or "Defendant") for its answer would show the Court as follows:

GENERAL DENIAL

1.      Defendant generally denies Plaintiff's allegations and demands strict proof

thereof in accordance with the Texas Rules of Civil Procedure. TEX. R. CIV. P. 92.

SPECIAL EXCEPTION

2.      Plaintiff failed to plead the maximum amount of damages claimed. TEX. R. CIV.

P. 91.

AFFIRMATIVE DEFENSES

3.      Defendant's company policy required Plaintiff to record all hours worked on her

time sheets. Plaintiff submitted time sheets that purported to record the total number of hours

worked by Plaintiff in each workweek, and Defendant paid Plaintiff's regular wages and

overtime based on the number of hours that Plaintiff claimed to have worked on her time sheets.

To the extent that Plaintiff failed to record her time accurately, Defendant's act or omission

allegedly giving rise to Plaintiff's action was in good faith and Defendant had reasonable grounds for believing that its alleged act or omission was not a violation of the Fair Labor Standards Act.  28 U.S.C. § 260.

4.      Defendant's company policy required Plaintiff to record all hours worked on her time sheets.  Plaintiff submitted time sheets that purported to record the total number of hours worked by Plaintiff in each workweek, and Plaintiff intended for Defendant to rely on the representations in her time sheets.  Plaintiff knew the actual number of hours that she worked each week and Defendant neither knew nor had reason to know that Plaintiff was not accurately recording her total hours worked.  Defendant substantially, reasonably, and detrimentally relied on Plaintiff's representations when it calculated and paid Plaintiff's regular wages and overtime based on the number of hours that Plaintiff claimed to have worked on her time sheets.  Plaintiff is therefore estopped from controverting her prior representations by claiming that she worked additional time that was not recorded on her time sheets.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that the Court enter an order:

(a)     Dismissing Plaintiff's claims with prejudice, and ordering that Plaintiff take nothing by way of her claims;

(b)     Awarding Defendant its reasonable attorneys' fees and costs incurred in defending this action; and

(c)     Awarding Defendant all other legal and equitable relief to which it may be entitled.

Dated:  July 21, 2017.

Respectfully submitted,


/s/ Shannon D. Norris
Shannon D. Norris
State Bar No. 00788129
NORRIS LAW FIRM, PLLC
735 Plaza Boulevard, Suite 200
Coppell, Texas 75019
Telephone:  (214) 396-4700
Facsimile:  (214) 396-4777
E-mail:  sdnorris@norrisfirm.com

**ATTORNEY FOR DEFENDANT
SHADY SHORES OF EL PASO, LLC
D/B/A MOUNTAIN VIEW HEALTH &
REHABILITATION**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on July 21, 2017, a true and correct copy of the foregoing document was

served on the following counsel of record pursuant to the Texas Rules of Civil Procedure via e-

mail and/or electronic service:

> Raymond D. Martinez, Esq.
> Jonathan L.R. Baeza, Esq.
> Martinez & Martinez Law Firm, PLLC
> 730 E. Yandell Dr.
> El Paso, Texas 79902

/s/ Shannon D. Norris
Shannon D. Norris
